UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
: 
PHILIP SELDON : **ORDER DISMISSING**
: **COMPLAINT AND DENYING**
                Plaintiff, : **SANCTIONS**
:
   -against- :
: 09 Civ. 6163 (AKH)
LAWRENCE BERNSTEIN, :
:
                Defendant. :
:
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

       Pro se defendant Lawrence Bernstein moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss pro se plaintiff Philip Seldon's second amended complaint or alternatively for judgment on the pleadings under Rule 12(c). Bernstein also moves for sanctions under Rule 11. For the reasons that follow, I find that I lack subject-matter jurisdiction and <u>sua sponte</u> dismiss the complaint under Rule 12(b)(1). I also deny sanctions at this time consistent with the conditions that follow.

       Bernstein represented one Andrew J. Spinnell in a 2006 libel suit that Spinnell had commenced against Seldon in Supreme Court, New York County. See <u>Spinell v. Seldon</u>, 841 N.Y.S. 2d 2, 3 (N.Y.App. Div. 2007) (describing trial). On November 17, 2006, Bernstein obtained a jury verdict on Spinell's behalf, and also $500,000 in compensatory and punitive damages. <u>Id.</u> The First Department affirmed, holding that "[c]lear and convincing evidence supports the verdict." <u>Id.</u>

       Based on events that occurred at the trial, Seldon filed a two-count complaint in this Court, on November 8, 2009. Invoking this Court's diversity jurisdiction, Seldon alleged (i) that Bernstein violated New York Judiciary Law § 487 (McKinney 1995) by making false statements about him to the jury during Bernstein's closing argument, and (ii)

1

that "Bernstein engaged in collusion with Andrew Spinnell to engage in deceit to attempt to deceive the court and the jury during the trial in said action."  Complaint at 6, Seldon v. Bernstein, No. 09-CV-6163 (S.D.N.Y. Nov. 8, 2009).[1]  Seldon relied only on Bernstein's closing argument as support, and incorporated it into his complaint.  He also sought $500,000 in damages.  In response, Bernstein moved to dismiss or alternatively for judgment on the pleadings, and also for sanctions on the ground that Seldon's second amended complaint is frivolous and that Seldon often files similarly frivolous complaints.  Seldon responded, but only to the motion for sanctions.  I have considered these various submissions and now issue this ruling.

I find that I lack subject-matter jurisdiction over Seldon's complaint under the Rooker-Feldman doctrine.  Rooker-Feldman bars federal jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  Here, Supreme Court's judgment is final, and "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  Monahan v. New York City Dep't of Corrections, 214 F.3d 275, 284 (2d Cir. 2000) (internal quotation omitted).  Seldon's complaint seeks to reopen a final state-court judgment and litigate in federal court an issue he did not raise, but could have raised.  This is squarely prohibited.

---

[1] Seldon moved to amend his complaint a number of times, including on occasions after he filed the Second Amended Complaint.  Judge Chin, to whom this case was first assigned, fixed the Second Amended complaint as the operative pleading.  Judge Chin later elevated the Second Circuit, and the case was transferred to me.

Moreover, if Rooker-Feldman did not apply, I would grant Bernstein's motion because New York Judiciary Law § 487 itself bars Seldon's complaint. Section 487 states,

> [a]n attorney or counselor who:
>
> 1.  Is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party . . .
>
> Is guilty of a misdemeanor, and in addition to the punishment prescribed therefore by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action.

New York Judiciary Law § 487 (McKinney 1995). If an allegedly injured party is aware that a lawyer is violating § 487 at the time the violation occurs, the victim's exclusive remedy is to bring an action in the course of that same proceeding. Hansen v. Werther, 767 N.Y.S. 2d 702, 702 (N.Y. App. Div. 2003); Yalkowsky v. Century Apartments Assocs., 626 N.Y.S. 2d 181, 181 (N.Y.App. Div. 1995). Here, the first count expressly invokes § 487 as the cause of action. The second count attempts to work around this limit by not naming the statute, but it invokes the language of § 487(1) and so asserts the same cause of action. Both are based on conduct that occurred at the state-court trial, so Seldon was aware of the alleged harms when they occurred and had to bring these causes of action at that time. They are now extinguished.

Finally, though this Court may impose Rule 11 sanctions even when it lacks subject-matter jurisdiction over the merits, see 5A Charles Alan Wright & Aruther R. Miller, Federal Practice and Procedure § 1336 (3d ed. 2010)), sanctions are inappropriate at this time. Rule 11 sanctions are strong medicine, and are inappropriate when a milder remedy will suffice. See Shepherd v. Am. Broad. Cos., 62 F.3d 1469, 1478-79 (D.C. Cir. 1995)

3

(noting that the Circuit Courts generally agree that sanctions should not be imposed lightly). If Seldon again files an action in the federal courts against Bernstein based on any facts in the 2006 libel trial in Supreme Court, it thereafter may be transferred to me, and I shall consider the appropriateness of a sanction, perhaps a substantial sanction.

The clerk shall mark the motions (Docs. No. 3 and 12) terminated and the close the case.

SO ORDERED.

Dated:  September 16, 2010
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge